# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| Plaintiff, | |
| v. | **Case No. 21-03024-01-CR-S-BP** |
| **COLBY FRONTERHOUSE**, | |
| Defendant. | |

### MOTION OF THE UNITED STATES FOR A PRELIMINARY
### ORDER OF FORFEITURE, WITH SUPPORTING SUGGESTIONS

The United States of America, by its undersigned counsel, respectfully submits its Motion

for a Preliminary Order of Forfeiture in the above-entitled case for the reasons set forth in the

following supporting suggestions.  A proposed order is submitted with this motion.

### SUPPORTING SUGGESTIONS

1.      On August 19, 2021, the defendant, Colby Fronterhouse, waived indictment and

was charged in a Superseding Information.  Relevant to this motion, Count One charged that the

defendant knowingly received and distributed any visual depiction that had been mailed and

shipped and transported in interstate commerce, and which contains materials which had been so

mailed and shipped and transported by any means, including by computer, the production of which

involved the use of a minor engaging in sexually explicit conduct and which visual depiction was

of such conduct, in violation of Title 18, United States Code, Section 2252(a)(2) and (b)(1).  (D.E.

32.)

2.      The Forfeiture Allegation of the Superseding Information sought forfeiture,

pursuant to Title 18, United States Code, Section 2253, of any visual depiction described in Title

18, United States Code, Sections 2251, 2251A, 2252, 2252A, or 2260, or any book magazine

periodical, film, videotape, or other matter which contains a visual depiction , which was produced, transported, mailed, shipped, or received, in violation of Title 18, United States Code, Chapter 110; any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and any property, real or personal, used or intended to be used to commit or to promote the commission of the offense, or any property traceable to such property, including but not limited to: an Apple iPhone XS, bearing the serial number G0NXT19YKPFT, seized on or about January 26, 2021. *Id.*

3.    On August 19, 2021, the defendant, Colby Fronterhouse, entered into a plea agreement with the United States in which he agreed to plead guilty to Count One of the Superseding Information and to forfeit to the United States the above-described property. (D.E. 36.)

4.    The Court's jurisdiction in this matter is founded upon Title 18, United States Code, Section 2253, which provides that:

> (a)    A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2253B of this chapter, or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in-
>
> > (1)    any visual depiction described in section 2251, 2251A, 2252, 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
> >
> > (2)    any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
> >
> > (3)    any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

2

5.    In discussing similar forfeiture in Title 21, United States Code, Section 853, and Title 18, United States Code, Section 1963 (RICO), the Senate Report notes that this language "emphasizes the mandatory nature of criminal forfeiture, requiring the Court to order forfeiture in addition to any other penalty imposed." S. Rep. No. 225 98th Cong., 2d Sess. 200, 211, *reprinted in* 1984 U.S. Code Cong. & Ad. News 3383, 3394. Thus, according to the relevant statute, the Court *must* enter a Preliminary Order of Forfeiture in favor of the United States and against the defendant's interests in property found to have been acquired, maintained, or used in violation of the underlying forfeiture statute. *Alexander v. United States*, 509 U.S. 544, 562-563 (1993); *United States v. Monsanto*, 491 U.S. 600, 606-607 (1989); *United States v. Carpenter,* 317 F. 3d 618, 626 (6th Cir. 2003); *United States v. Hill*, 167 F.3d 1055, 1073-74 (6th Cir. 1999); *United States v. Bieri,* 68 F.3d 232, 235 (8th Cir. 1995).

6.    Rule 32.2 (b)(1)(A) and (B), 32.2(b)(2)(A), (b)(2)(C) and (B), and 32.2(b)(3), Federal Rules of Criminal Procedure, provide that:

> (b)(1)(A) As soon as practicable after a verdict or finding of guilty, or after a plea of guilty or *nolo contendere* is accepted, on any count in an Indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.

> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

> (b)(2)(A) If the court finds that property is subject to forfeiture, it shall promptly enter a preliminary order of forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The

3

court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third-party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

>    (i) lists any identified property;
>
>    (ii) describes other property in general terms; and
>
>    (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified, or the amount of money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

7.      Based upon the evidence set forth in the plea agreement, the United States has established the requisite nexus between the property and the offense to which the defendant has pleaded guilty. Accordingly, that property is subject to forfeiture to the United States, pursuant to Title 18, United States Code, Section 2253. Upon entry of an order of forfeiture authorized under Section 853, the Court shall authorize the Attorney General or his designee to seize all property ordered forfeited upon terms and conditions the Court deems appropriate. *Id*. at § 853(g).

8.      In accordance with the provisions of Title 21, United States Code, Section 853(p), and Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States requests that it

4

be permitted to undertake whatever discovery is necessary to identify, locate, or dispose of property subject to forfeiture, or substitute assets for such property.

9.       Upon the issuance of a Preliminary Order of Forfeiture, and pursuant to Title 21, United States Code, Section 853, the United States will publish for at least 30 consecutive days on the Government's official website, www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States Marshal Services' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the defendant, Colby Fronterhouse, having or claiming a legal interest in the property, must file a petition with the Court (and serve a copy on Stephanie L. Wan, Assistant United States Attorney) within 30 days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States respectfully requests that this Court enter a Preliminary Order of Forfeiture forfeiting to the United States the property described in the Forfeiture

5

Allegation of the Superseding Information and order the United States to seize and maintain custody of the forfeited property and dispose of it in accordance with the law.

Respectfully submitted,

Teresa A. Moore
Acting United States Attorney

By:

/s/ Stephanie L. Wan
Stephanie L. Wan
Assistant United States Attorney
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
Telephone: (417) 831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2021, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, for electronic delivery to all counsel of record.

/s/ Stephanie L. Wan
Stephanie L. Wan
Assistant United States Attorney

6